UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON L. AVERY,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MILTON,<br><br>    Defendant. | Case No.  2:20-cv-01843-APG-EJY<br><br>**ORDER** |

**I.    DISCUSSION**

On October 2, 2020, Plaintiff, an inmate in the custody of the Clark County Detention Center ("CCDC"), filed an application to proceed *in forma pauperis* together with a civil rights complaint under 42 U.S.C. § 1983.  (ECF Nos. 1, 1-1).  Plaintiff's application to proceed *in forma pauperis* is incomplete.  Plaintiff's financial certificate is missing signatures and there is no inmate account statement for the previous six-month period.  Even if Plaintiff has not been at the CCDC facility a full six-month period, Plaintiff must still submit both a financial statement and an inmate account statement for the dates he has been at the facility.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the civil action without prepaying the full $400 filing fee.  To apply for *in forma pauperis* status, the inmate must submit all three of the following documents to the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3);

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form); and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.  If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

Because Plaintiff's *in forma pauperis* application (ECF No. 1) is incomplete, Plaintiff may not proceed with *in forma pauperis* status.  It is important that Plaintiff understand that a <u>financial certificate</u> and an <u>inmate account statement</u> are not the same thing.  Documentation concerning a financial certificate is not documentation about an inmate's account statement.

If Plaintiff has difficulty obtaining both a signed financial certificate and an inmate account statement from prison officials, Plaintiff may file a declaration detailing when he requested <u>both</u> documents, who he spoke to about the status of both documents, who he followed up with after he did not receive <u>both</u> documents, and the responses he received.  The declaration must describe Plaintiff's efforts to obtain <u>both</u> a financial certificate and an inmate account statement.  Plaintiff's declaration must demonstrate he has done all that he could to acquire <u>both</u> a financial certificate and an inmate account statement by the Court's deadline.  If Plaintiff's declaration demonstrates that he has done all that was possible to acquire <u>both</u> a financial certificate and an inmate account statement, the Court will consider his application to proceed *in forma pauperis* complete.[1]

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall have **one extension of time** to **December 7, 2020**, in which Plaintiff shall either pay the full $400 filing fee for a civil action (which includes the $350 filing fee and the $50 administrative fee) or file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

---

[1] Plaintiff must still submit the first three pages of the application to proceed *in forma pauperis* on this Court's approved form with his declaration.  If Plaintiff does not submit the first three pages of the application to proceed *in forma pauperis* with the declaration, the Court will recommend dismissal of the case without prejudice for Plaintiff to open a new case when he is able to acquire the required documents.

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period.** If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility. In the alternative, Plaintiff may file the first three pages of the application to proceed *in forma pauperis* together with a declaration detailing the efforts he took to acquire both a financial certificate and an inmate account statement from prison officials.  **Absent unusual circumstances, the Court will not grant any further extensions of time**.

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this Order, the Court will recommend this case be dismissed without prejudice for Plaintiff to file a new case with the Court when Plaintiff is able to acquire all the documents needed to file a fully complete application to proceed *in forma pauperis*.  A dismissal without prejudice means Plaintiff does not give up the right to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to submit with the application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that the Court will retain Plaintiff's civil rights complaint (ECF No. 1-1), but the Court will not file the complaint unless and until Plaintiff timely files a fully complete application to proceed *in forma pauperis* or the first three pages of the application to proceed *in forma pauperis* together with a declaration.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

Dated this 6th day of October, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE