1                      UNITED STATES DISTRICT COURT

2                          DISTRICT OF NEVADA

|  |  |
|---|---|
| 3  SHANNON L. AVERY, | Case No.  2:20-cv-01843-APG-EJY |
| 4          Plaintiff, |  |
| 5       v. | **ORDER**<br>And<br>**REPORT and RECOMMENDATION**<br>Re: |
| 6  J. MILTON, | **ECF Nos. 1-1, 9, and 10** |
| 7         Defendant. |  |

8

9        Before the Court is Plaintiff's Second Application to Proceed *in forma pauperis* (ECF No.

10 6), Plaintiff's Complaint (ECF No. 1-1), a Motion for an Order Compelling Discovery (ECF No. 9),

11 and ECF No. 10, which is not titled, but appears to be a Motion Seeking Relief.

12  **I.**     **Application to Proceed *in forma pauperis***

13        On October 2, 2020, Plaintiff, an inmate in the custody of the Clark County Detention Center

14 ("CCDC"), filed an application to proceed *in forma pauperis* together with a civil rights complaint

15 under 42 U.S.C. § 1983.  (ECF Nos. 1, 1-1).  The application was incomplete and dismissed.

16 However, Plaintiff was provided an extension of time within which to file a corrected application.

17 ECF No. 5.  On October 15, 2020, Plaintiff filed a Second Application to Proceed *in forma pauperis*

18 that is now complete.  ECF No. 6.  Plaintiff's Application is granted.

19  **II.**    **Screening the Complaint**

20        Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

21 under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims

22 and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted,

23 or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

24 A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or

25 delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding

26 of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

27 wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

28

1      *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint, the plaintiff

2  should be given leave to amend with directions as to curing its deficiencies, unless it is clear from

3  the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United*

4  *States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

5      Plaintiff's Complaint contains three claims for relief.  The first claim alleges a First

6  Amendment violation of the Right to Assemble.  In this claim, Plaintiff states that Las Vegas

7  Metropolitan Police Department Officer J. Milton stopped Plaintiff and made a warrantless arrest

8  without probable cause.  Plaintiff's second claim alleges a Fourteenth Amendment violation based

9  on a lack of reasonable suspicion to arrest Plaintiff.  Plaintiff's third claim alleges a Fourth

10  Amendment violation based on the same predicate facts, together with a lack of consent to search

11  Plaintiff's backpack, which led to Plaintiff's warrantless arrest.  Plaintiff's factual allegations also

12  include that the officer cuffed him, required him to place his gray backpack on the hood of the

13  officer's car, that the officer told Plaintiff that a break in had just occurred, and that these events

14  occurred at 3 a.m.  Plaintiff complains, however, that he did not fit the description of the alleged

15  burglar.  Plaintiff compares the victim's report of an individual in all dark clothing, a black hat with

16  a red bill, a beard, and a black backpack to himself wearing an all black hat (no red bill), a five

17  o'clock shadow, and using a light gray, rather than black, backpack.  Plaintiff sues Officer Milton in

18  his individual and official capacity, asking the court to dismiss the criminal complaint against him.

19  Plaintiff also seeks monetary relief for personal injury, pain and suffering, lost wages, and mental

20  distress.

21  **III.**   **Analysis of Plaintiff's Complaint**

22      A.   <u>Claims Against Officer Milton for Money Damages in his Official Capacity Must be

23  Dismissed.</u>

24      The Eleventh Amendment "bars actions against state officers sued in their official capacities

25  for past alleged misconduct involving a complainant's federally protected rights, where the nature

26  of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction."

27  *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted).  Thus, Section 1983

28

1  claims for money damages cannot be maintained against Nevada state officials or employees in their

2  official capacities.  *N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728,

3  732 (Nev. 1991).  For this reason, the Court recommends dismissing with prejudice all of Plaintiff's

4  claims seeking money damages for past harms allegedly caused by Defendant in his official capacity.

5  *Festa v. Sandoval*, Case No. 2:17-cv-00850-APG-NJK, 2020 WL 2114358, at *5 (D. Nev. May 4,

6  2020) (denying plaintiff leave to amend to add a futile Section 1983 claim for money damages

7  against defendants in their official capacities).

8      B.    Plaintiff's Complaint Seeking Dismissal of Criminal Charges Must Be Dismissed

9  Plaintiff appears to challenge the propriety of the charges alleged in a case that remains

10  pending in state court.  The *Younger* abstention doctrine precludes federal courts from enjoining

11  pending state court criminal proceedings even if there is an allegation of a constitutional violation,

12  unless there is an extraordinary circumstance that creates a threat of irreparable injury.  *Younger v.*

13  *Harris*, 401 U.S. 37, 53-54 (1971).  Criminal defendants alleging that a state court rejected

14  constitutional objections to pretrial rulings, including those implicating federally-protected rights, is

15  a regular occurrence and not an extraordinary circumstance warranting federal court involvement in

16  a state court prosecution.  *Sult v. Paramo*, Case No. 15-cv-1016 H (JLB), 2016 WL 1166363, at *9

17  (S.D. Cal. Jan. 26, 2016).  For this reason, the Court recommends Plaintiff's request that this Court

18  dismiss the charges pending in state court be dismissed with prejudice as futile.

19      C.    Plaintiff's First, Second, and Third Claims Are Construed as Alleged Fourth
20           Amendment Violations, but they Fail Under Section 1983.

21  Plaintiff's three claims for relief against Officer Milton in his individual capacity, seeking

22  money damages, are all based on the same predicate facts.  Plaintiff was stopped, searched, and

23  arrested by Officer Milton without reasonable suspicion for the stop, pat down search, and search of

24  his backpack, and Plaintiff was arrested absent probable cause.  However, Plaintiff raises his claims

25  pre-prosecution.  As such, Plaintiff must bring his claims as a habeas petition pursuant to 28 U.S.C.

26  § 2241.  *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (identifying that Section 2241 is the

27  proper habeas statute for alleged constitutional violation pre-final-judgment in a state court criminal

28

proceeding).  Thus, Plaintiff's claims asserted in his 42 U.S.C. § 1983 Civil Rights Complaint fail as a matter of law.  Nonetheless, the Court analyzes Plaintiff's complaint to determine if he states any potential constitutional violations.

Under *Terry*, police officers may conduct a brief, investigative stop of an individual when they have reasonable suspicion that the "person apprehended is committing or has committed a criminal offense." *Arizona v. Johnson*, 555 U.S. 323, 326 (2009).  The Court examines the "totality of the circumstances" to determine whether a detaining officer has a "particularized and objective basis" for suspecting criminal wrongdoing.  *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted).  While events taken in isolation may have a "reasonable explanation, … they may collectively amount to a reasonable suspicion." *U.S. v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (internal citation and quote marks omitted).  While "a mere hunch" is insufficient to "create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *Kansas v. Glover*, __ U.S. __, 140 S.Ct. 1183, 1187 (2020) (internal citation and quotation marks omitted).

> Because it is a less demanding standard, reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause. … The standard depends on the factual and practical considerations of everyday life on which *reasonable and prudent men*, not legal technicians, act. … Courts cannot reasonably demand scientific certainty … where none exists. … Rather, they must permit officers to make commonsense judgments and inferences about human behavior.

*Id*. at 1188 (internal citations and quote marks omitted) (emphasis in original).  An inference on which reasonable suspicion lies need not be "grounded in … law enforcement training or experience." *Id*. at 1189.  "Removing common sense as a source of evidence … would considerably narrow the daylight between the showing required for probable cause and the less stringent showing required for reasonable suspicion." *Id*. at 1190 (internal citations and quote marks omitted).  Finally, the Supreme Court stated, "officers, like jurors, may rely on probabilities in the reasonable suspicion context." *Id*. (citation omitted).

Here, Plaintiff appeared in a location close to where a burglary had just occurred.  He admits to wearing a black hat, a backpack, and having a five o'clock shadow.  Plaintiff states he was visiting a friend in the apartment complex in which he was stopped and that his shirt had a "large light grey [b]ear] on it with very many color[s]," but that his sweater was black.  Plaintiff states his pants were a "light smokey green" and shoes were black and orange.  Plaintiff admits it was 3 a.m. when he was stopped by Officer Milton.  ECF No. 1-1 at 5-6.  The totality of the circumstances, including that it is dark outside at 3 a.m. irrespective of the time of year, 3 a.m. is not the time of day most people are out visiting friends, and that Plaintiff was wearing a backpack, a black sweater, a black hat, and had a five o'clock shadow, an officer exercising common sense judgment would have reasonable suspicion to stop Plaintiff.  Thus, these allegations, even if restated by Plaintiff in a Section 2241 habeas petition, will not state a Fourth Amendment claim based on an unlawful investigatory stop.

To determine whether reasonable suspicion existed to support a frisk or pat-down search in the context of a lawful investigatory stop, the Court considers the totality of the circumstances surrounding the stop.  *United States v. Burkett*, 612 F.3d 1103, 1107 (9th Cir.2010).  However, for the same reasons stated above, Plaintiff's current allegations do not state a Fourth Amendment violation for the pat-down of his person conducted after he was stopped.

Plaintiff also claims that his backpack was searched without his consent.  "If an arrest is lawful, an arresting officer is entitled to search the individual apprehended pursuant to that arrest.  The permissible purposes of such a search include preservation of evidence ... and seizure of destructible contraband."  *United States v. Uricoechea–Casallas*, 946 F.2d 162, 165 (1st Cir.1991) (internal citations omitted).  A search of a person, his effects, and the area within his immediate reach at the time of a lawful arrest may be conducted without regard to any exigency or the seriousness of the offense, and regardless of any probability that the search will yield a weapon or evidence of the crime for which the person is arrested.  *United States v. Robinson*, 414 U.S. 218, 236 (1973).  Here, it is not clear from Plaintiff's Complaint if the search of his backpack occurred pursuant to his arrest, rendering the search reasonable.  Thus, constructing the Complaint in a light

most favorable to Plaintiff, the Court discusses whether, if the search of Plaintiff's backpack occurred prior to the arrest, such search was lawful.

Absent exigent circumstances, a permissible frisk of a bag or backpack must begin with an exterior pat-down of the bag or backpack; only if an officer plainly feels an item that is immediately recognizable as a weapon or other contraband may any further search or seizure be reasonable. *See United States v. Medina*, 130 Fed. App'x. 862, 864 (9th Cir. 2005) (once the officer felt the weapon when he patted down the backpack, "he had reasonable suspicion to open the backpack and search its contents."); *United States v. Leo*, 792 F.3d 742, 749 (7th Cir. 2015) ("Leo concedes that, under Terry, the officers lawfully could have patted down the backpack to search for weapons."); *United States v. Hernandez-Mendez*, 626 F.3d 203, 213 (4th Cir. 2010) (exterior feeling of purse not unreasonable Terry frisk); *United States v. Muhammad*, 463 F.3d 115, 123-24 (2d Cir. 2006) (exterior pat-down of gym bag not unreasonable Terry frisk); *United States v. Adamson*, 441 F.3d 513, 521 (7th Cir. 2006) (exterior pat-down of effects in pillowcase bundle not unreasonable Terry frisk). The factual allegations presented by Plaintiff do not suggest exigent circumstances. Plaintiff says he responded to Officer Milton's direction to descend the staircase on which he was located, there is no allegation of resistance, Plaintiff states he was handcuffed, and there is no allegation that a weapon was recently used in a crime. Plaintiff's allegations that Officer Milton searched the interior of his backpack without consent and without any indication that the officer did a pat-down of the backpack before the search, when construed in the light most favorable to Plaintiff, sufficiently alleges a Fourth Amendment violation may allow this portion of Plaintiff's allegations to proceed if it is brought under Section 2241.

An arrest must be supported by probable cause to believe that the person being arrested has committed a crime. *Henry v. United States*, 361 U.S. 98, 102 (1959)). Probable cause is more difficult to establish than reasonable suspicion, and is determined at the time the arrest is made. *Arvizu*, 534 U.S. at 273-74; *Allen v. City of Portland*, 73 F.3d 232, 236 (9th Cir. 1995). Probable cause must be based on "reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *Allen*, 73 F.3d at 237

(internal quotation marks omitted).  Like reasonable suspicion, probable cause can "only exist in relation to criminal conduct." *Id.*  "[E]vidence obtained subsequent to an illegal investigation is tainted by the illegality and thus inadmissable, notwithstanding the suspect's consent, unless subsequent events have purged the taint" *United States v. Chavez-Valenzuela*, 268 F.3d 719, 727-28 (9th Cir. 2001), *as amended by* 279 F.3d 1062 (9th Cir. 2002).  Here, if the search of Plaintiff's backpack was unlawful, then his arrest based on what was found in the backpack, will not survive. This claim fails here because it must be brought pursuant to 28 U.S.C. § 2241.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 6) is GRANTED.

**V.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Officer Milton in his official capacity for money damages be dismissed with prejudice as amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff's request that the Court dismiss the action pending against him in state court be dismissed with prejudice pursuant to the *Younger* doctrine rendering amendment futile.

IT IS FURTHER RECOMMEDED that Plaintiff's claims against Officer Milton in his individual capacity alleging violations of Plaintiff's Fourth Amendment rights be dismissed with prejudice to because, pre-prosecution, Plaintiff must state his alleged constitutional violations in a 42 U.S.C. § 2241 Petition for Habeas Corpus.

IT IS FURTHER RECOMMENDED that Plaintiff's pending motions (ECF Nos. 9 and 10) be dismissed with prejudice as moot.

Dated this 18 day of December, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>NOTICE</u>

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).