UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHANNON L. AVERY,                                    Case No.  2:20-cv-01843-APG-EJY

        Plaintiff,

v.                                                   **AMENDED ORDER**
                                                     **And**
J. MILTON,                                           **REPORT and RECOMMENDATION**
                                                     **Re:**
        Defendant.                         **ECF Nos. 1-1, 9, and 10**

Before the Court is Plaintiff's Second Application to Proceed *in forma pauperis* (ECF No. 6), Plaintiff's Complaint (ECF No. 1-1), a Motion for an Order Compelling Discovery (ECF No. 9), and ECF No. 10, which is not titled, but appears to be a Motion Seeking Relief.

The Court enters this Amended Order and Report and Recommendation, and vacates its prior Order (ECF No. 12) as filed in error.

**I.      Application to Proceed *in forma pauperis***

On October 2, 2020, Plaintiff, an inmate in the custody of the Clark County Detention Center ("CCDC"), filed an application to proceed *in forma pauperis* together with a civil rights complaint under 42 U.S.C. § 1983.  (ECF Nos. 1, 1-1).  The application was incomplete and dismissed.  ECF No. 5.  However, Plaintiff was provided an extension of time within which to file a corrected application.  *Id*.  On October 15, 2020, Plaintiff filed a complete Second Application to Proceed *in forma pauperis*.  ECF No. 6.  Plaintiff's Application is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's Complaint contains three claims for relief.  The first claim alleges a supposed violation of Plaintiff's First Amendment Right to Assemble.  In this claim Plaintiff states that Las Vegas Metropolitan Police Department Officer J. Milton stopped Plaintiff and made a warrantless arrest without probable cause.  Plaintiff's second claim for relief, this time titled as a violation of his Fourteenth Amendment rights, is similarly based on Plaintiff's arrest allegedly made absent reasonable suspicion to do so.  Plaintiff's third claim alleges a Fourth Amendment violation.  This claim also alleges an unlawful arrest adding, however, a lack of consent to search Plaintiff's backpack that Plaintiff states led to his warrantless arrest.

In an unclear timeline, Plaintiff's factual allegations also include that Officer Milton cuffed him, required him to place his gray backpack on the hood of Officer Milton's car, and that Milton told Plaintiff a break-in had just occurred in the area.  Plaintiff admits all of these events occurred at 3 a.m. in the morning when he was supposedly on his way to visit friends.  Plaintiff complains that he did not fit the description of the alleged burglar.  Plaintiff compares the victim's description of the perpetrator (in all dark clothing, a black hat with a red bill, a beard, and a black backpack), to himself.  Plaintiff says he was wearing an all black hat (no red bill), that he had a five o'clock shadow, and was wearing a light gray, not black, backpack.  Plaintiff sues Officer Milton in his individual and official capacity, asking the court to dismiss the criminal complaint pending against him in state court.  Plaintiff also seeks monetary relief for personal injury, pain and suffering, lost wages, and mental distress.

**III.**     **Analysis of Plaintiff's Complaint**

    A.     <u>Claims Against Officer Milton for Money Damages in his Official Capacity Must be Dismissed</u>.

The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted).  Thus, Section 1983 claims for money damages cannot be maintained against Officer Milton in his official capacity.  *N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728, 732 (Nev. 1991).  For this reason, the Court recommends dismissing with prejudice all of Plaintiff's claims seeking money damages for past harms allegedly caused by Officer Milton in his official capacity.  *Festa v. Sandoval*, Case No. 2:17-cv-00850-APG-NJK, 2020 WL 2114358, at *5 (D. Nev. May 4, 2020) (denying plaintiff leave to amend to add a futile Section 1983 claim for money damages against defendants in their official capacities).

    B.     <u>Plaintiff's Complaint Seeking Dismissal of Criminal Charges is Meritless</u>.

Plaintiff challenges the propriety of criminal charges filed against him, which remain pending in state court.  The *Younger* abstention doctrine precludes federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, absent an extraordinary circumstance that creates a threat of irreparable injury.  *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).  Criminal defendants alleging that a state court rejected constitutional objections to pretrial rulings, including those implicating federally-protected rights, is a regular occurrence and not an extraordinary circumstance warranting federal court involvement in a state court prosecution. *Sult v. Paramo*, Case No. 15-cv-1016 H (JLB), 2016 WL 1166363, at *9 (S.D. Cal. Jan. 26, 2016). For this reason, the Court recommends dismissing with prejudice Plaintiff's request that this court instruct the state court to dismiss the charges pending against him as seeking this relief is futile.

C.   Plaintiff's First, Second, and Third Claims Are Construed as Alleged Fourth Amendment Violations, but they Fail Under Section 1983.

Plaintiff's three claims for relief against Officer Milton in his individual capacity, seeking money damages, are all based on the same predicate facts. That is, Plaintiff alleges he was stopped, searched, and arrested by Officer Milton in violation of Plaintiff's constitutional rights. However, Plaintiff raises his claims pre-prosecution and pre-final-judgment. As such, Plaintiff must bring his claims in a habeas petition pursuant to 28 U.S.C. § 2241. *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (identifying that Section 2241 is the proper habeas statute for alleged constitutional violation pre-final-judgment in a state court criminal proceeding). Thus, Plaintiff's claims asserted in his 42 U.S.C. § 1983 Civil Rights Complaint fail as a matter of law and should be dismissed with prejudice.

**IV.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Court's December 18, 2020 Order (ECF No. 12) is vacated as filed in error.

**V.   Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Officer Milton in his official capacity for money damages be dismissed with prejudice as amendment would be futile.

IT IS FURTHER RECOMMENDED the Court dismiss with prejudice Plaintiff's claim seeking dismissal of the state court action against him. This claim is futile pursuant to the *Younger* doctrine.

IT IS FURTHER RECOMMEDED that Plaintiff's claims against Officer Milton in his individual capacity alleging violations of Plaintiff's Fourth Amendment rights be dismissed with prejudice because, pre-prosecution, Plaintiff must bring these alleged constitutional violations in a 42 U.S.C. § 2241 Petition for Habeas Corpus.

IT IS FURTHER RECOMMENDED that Plaintiff's pending motions (ECF Nos. 9 and 10) be dismissed with prejudice as moot.

Dated this 21st day of December, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).